IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**TERRY D. JACKS, et al**

   **Appellants,**

vs.                 CV 09-PT-1537-S

**WELLS FARGO BANK, N.A.**

   **Appellee,**

and

**ALLAN ISOM, SR, et al**

   **Appellants**

vs.                 CV 09-PT-1538-S

**WELLS FARGO BANK, N.A.**

   **Appellee.**

**MEMORANDUM OPINION**

  This cause comes on to be heard on consolidated appeals from the Bankruptcy Court for the Northern District of Alabama, Southern Division.

  The court conducted recorded oral argument with regard to the appeals on October 22, 2009. The issues involve three separate Chapter 13 cases. The court will address them as Isom 1, Isom 2, and Jacks. The present purpose of this opinion is to state the indicated positions of the parties and allow them to comment before the court makes final decisions.[1]

---

[1] The court initially notes that it is undisputed that all three cases involved over secured real estate mortgages.

Isom 1

The Appellants first indicated the following alleged violations:

(1) Approximately $1,621.26 in charges ($330.00; $275.00; $35.00; $495.00; $340.00; and $196.26) were not disclosed and approved. Subsequently, the Appellants acknowledged that the charges leading to that total were to be considered pre-petition and did not have to be disclosed.[2]

(2) The Appellants also make a claim based on three other charges of $365.00 (12-20-07); $275.00 (12-20-07); and $225.00 (1/28/08). Although the $365.00 and the $275.00 appear to be the same as the $330.00; $275.00; and $35.00 listed in (1), it may not have been conceded. Further, the $225.00 seems to be the same $225.00 which Appellants acknowledge was disclosed.[3]

(3) Appellants further claim that a regular monthly payment prior to the dismissal of this case was not applied to principal and interest as it should have been. Apparently, the Appellants claim that this was a violation of the automatic stay.

Appellee's Position

Appellee relies on 11 U.S.C. § 349(b) with regard to the alleged stay violation. The court fails to fully grasp the application of this section to an action taken while the case was pending.

As to the charges listed in (2) above regarding the Appellants position, the Appellee says that these charges are included in the $1,621.26 which the Appellants have conceded are pre-

---

[2] The charges *were* disclosed as a total, but the Appellants apparently first made a claim based on lack of specificity. Apparently, any such claim has been withdrawn because they did not have to be disclosed.

[3] Apparently, Appellants claim a violation of 11 U.S.C. § 506(b). The court fails to see the relationship. The court also fails to see the significance of Rule 2016 which appears to apply to services rendered to the estate and attorneys for the debtor.

petition and not required to be disclosed.

### Isom 2

### Appellants' Position

Appellants claim a violation pursuant to 11 U.S.C. § 506(b) and Rule 2016 based on a failure to disclose $735.00 in pre-petition fees.  Again, the court does not grasp the relationship with 506(b) nor Rule 2016.

### Appellee's Position

Appellee says that it has not actually collected nor presently attempted to collect the amount and that any such claim is not ripe.  There may also be an issue of whether pre-petition fees had to be disclosed.  The Appellants may concede this.

### Appellants' Position

Appellant claims that $310.00 in post-petition fees not disclosed in violation of § 506(b) and Rule 2016.  Again, the court does not grasp the application.

### Appellee's Position

The Appellee says that the claim is not ripe.

### Court Direction

The parties may comment on the foregoing within ten (10) days.  The parties will submit highlighted copies of any case relied upon.  If there are other positions, they should be stated.

This the 23rd day of October, 2009.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE